**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Church of the Immaculate Heart of Mary, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 25-23180 (KYP) |
| | ) | |
| | ) | |
| Church of the Immaculate Heart of Mary | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 25-07037 |
| | ) | |
| CVA Claimants, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**FOURTH STIPULATION AND AGREED ORDER BETWEEN**
**THE DEBTOR AND THE CVA CLAIMANTS**

This supplemental stipulation and agreed order (the "Fourth Stipulation and Agreed Order") is entered into by and among the Church of the Immaculate Heart of Mary, debtor in the above-captioned case and plaintiff in the above-referenced adversary proceeding (the "Debtor" or "Plaintiff") and each of the defendants in the above-referenced adversary proceeding (collectively, the "Defendants" or "CVA Claimants" and individually as a "Defendant" or "CVA Claimant") (together, the Debtor and the CVA Claimants, referred to as the "Parties"). The Parties hereby stipulate and agree as follows:

**WHEREAS**, to enable the CVA Claimants and their counsel to engage in mediation, the Parties previously determined to enter into that certain (i) Stipulation and Agreed Order Between the Debtor and the CVA Claimants, which this Court "so ordered" on February 25, 2026 [Dkt. No. 8] (the "Initial Stipulation and Agreed Order") (ii) Second Stipulation and Agreed Order Between the Debtor and the CVA Claimants, which this Court "so ordered" on April 16, 2026 [Dkt. No.

13] (the "Second Stipulation and Agreed Order"), and (iii) Third Stipulation and Agreed Order

Between the Debtor and the CVA Claimants, which this Court "so ordered" on June 2, 2026 [Dkt.

No. 16] (the "Third Stipulation and Agreed Order" and together with the Initial Stipulation and

Agreed Order and Second Stipulation and Agreed Order, the "Stipulations"), which adjourned

certain dates and deadlines applicable to the above-captioned adversary proceeding; and

WHEREAS, to enable the CVA Claimants and their counsel continue to further engage

in mediation, the Parties have determined to enter into this Fourth Stipulation and Agreed Order

which further adjourns the same dates and deadlines set forth in the Stipulations.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE

PARTIES, AND UPON APPROVAL BY THE COURT OF THIS FOURTH

STIPULATION AND AGREED ORDER, IT IS ORDERED AS FOLLOWS:

1.      The foregoing recitals are hereby incorporated by reference into this Fourth

Stipulation and Agreed Order with the same force and effect as if fully set forth hereinafter.

2.      The deadline for the CVA Claimants to object to the relief sought in the Preliminary

Injunction Motion[1] is hereby extended to **October 13, 2026**.

3.      The deadline for the Debtor to file a reply, if any, to the Preliminary Injunction

Motion is **October 27, 2026**.

4.      The deadline for the CVA Claimants to answer the Complaint shall be tolled until

the later of (a) **November 30, 2026** or (b) 30 days after entry of an order by the Court granting the

Preliminary Injunction Motion.  If the Court denies the Preliminary Injunction Motion, the Parties

shall confer on whether an answer is necessary and, if they cannot agree on whether an answer is

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms
in the Initial Stipulation and Agreed Order.

necessary and/or the date upon which to file such answer, shall seek direction from the Court on the whether and when to file an answer.

5.      The Tort Cases shall be stayed until the later of (i) **November 6, 2026** or (ii) the first available hearing date from the Bankruptcy Court to consider the Preliminary Injunction Motion, which date shall be on or after **November 6, 2026** (such date, the "Hearing Date").  This hearing shall not be an evidentiary hearing.  The issue of whether discovery is necessary shall be addressed at the hearing.  If either (a) the parties agree the discovery is necessary or (b) the Court determines that discovery is necessary, then the parties shall propose a discovery schedule to the Court at the hearing.

6.      For the avoidance of doubt, the consensual stay of the Tort Cases referenced in Paragraph 5 shall mean that absent relief from this Fourth Stipulation and Agreed Order, no party to the Tort Cases shall engage in or seek to advance any legal process, file any pleading or discovery device, or attempt to schedule any trial or hearing in relation to such Tort Case during the applicability of such stay.

7.      The dates and deadlines set forth in Paragraphs 2 through 5 above are subject to extension upon agreement of the Parties and/or further Order of this Court.  In the event the Parties seek an extension of the dates and deadlines set forth herein, the Parties shall submit a supplemental stipulation and agreed proposed order for the Court's consideration.

8.      The provisions of this Fourth Stipulation and Agreed Order shall be binding on the Parties and their successors, heirs, and assigns and shall inure to the benefit of the Parties and their successors and assigns. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Fourth Stipulation and Agreed Order and, accordingly, any claimed ambiguity shall be construed neither for nor against any of the Parties.

9.      Each person who executed this Fourth Stipulation and Agreed Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Fourth Stipulation and Agreed Order and agrees to the terms set forth herein.

10.     This Fourth Stipulation and Agreed Order may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Any signature delivered by a Party via electronic transmission shall be deemed an original signature hereto.

11.     This Court retains exclusive jurisdiction with respect to any matters arising from or related to the implementation, interpretation or enforcement of this Fourth Stipulation and Agreed Order.

12.     Each Party to this Fourth Stipulation and Agreed Order shall bear its own attorneys' fees and costs.

**STIPULATED AND AGREED TO BY:**

Dated:   New York, New York          Dated:   New York, New York
         August 6, 2026                       August 6, 2026

**KLESTADT WINTERS**              **GRANT & EISENHOFER P.A.**
**JURELLER SOUTHARD &**
**STEVENS, LLP**

By:  /s/ Sean C. Southard          By:   /s/ Samantha Breitner
     Sean C. Southard                    Samantha Breitner
     Lauren C. Kiss                      485 Lexington Avenue, 29th Floor
     286 Madison Avenue, 11th Floor      New York, New York 10017
     New York, New York 10017            Tel: (646) 722-8500
     Tel: (212) 972-3000                 Fax: (646) 722-8501
     Fax: (212) 972-2245                 Email: sbreitner@gelaw.com
     Email: ssouthard@klestadt.com
            lkiss@klestadt.com

                                         *Counsel for CVA Claimants 1-3 and 5-9*

     *Counsel to the Debtor and Debtor-in-*
     *Possession*

4

Dated:  New York, New York
       August 7, 2026

**PFAU COCHRAN VERTETIS AMALA PLLC**

By:  */s/ Jason P. Amala*
Jason P. Amala
Mallory C. Allen
120 Broadway, 26th Floor
New York, New York 10271
Tel: (212) 300-2444
Fax: (206) 623-3624
Email: jason@pcvalaw.com
      mallory@pcvalaw.com

*Counsel to CVA Claimant 4*

Dated:  New York, New York
       August 6, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

By:  */s/ Ilan D. Scharf*
James I. Stang
Ilan D. Scharf
1700 Broadway, 36th Floor
New York, New York 10019
Tel: (212) 561-7700
Fax: (212) 561-7777
Email: jstang@pszjlaw.com
      ischarf@pszjlaw.com

*Counsel to the Ad Hoc Committee of
Abuse Survivors of the Church of the
Immaculate Heart of Mary*